Case 1:04-cr-00385-LMB   Document 384   Filed 09/19/14   Page 1 of 6 PageID# 1411

# 66





IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



MAR 2 1 2005

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| UNITED STATES OF AMERICA | ) | EX PARTE - UNDER SEAL |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:04cr385 |
| | ) | |
| ALI AL-TIMIMI | ) | Hon. Leonie M. Brinkema |

### (U) GOVERNMENT'S EX PARTE IN CAMERA REPLY TO DEFENDANT ALI AL-TIMIMI'S RENEWED MOTION TO COMPEL DISCOVERY AND MOTION FOR PROTECTIVE ORDER UNDER CIPA SECTION 4

(U) On January 21, 2005, defendant Ali Al-Timimi filed a motion for discovery regarding

what he alleges to be recordings of himself. Specifically, he requested intercepts of

conversations between himself and Safar Hawali. The defense is seeking any recordings of

telephone calls between Hawali and the defendant "in the time period between September 11,

2001, and January of 2003 in which they discussed various issues of interest to Muslims."

(Defendant's Motion at p. 2). The defense further contends that "it is fair for counsel to assume

that any telephone calls between Dr. Al-Timimi and Hawali during this time period would have

been intercepted either by the FBI or the NSA." (Defendant's Motion at p. 3)[1]. The government

---

[1] (U) The FBI is not aware of any recorded conversations between the defendant and
Safar Hawali. As noted in the government's previous filing captioned "Government's Ex Parte
In Camera Status Report Regarding Al-Timimi's Renewed Motion to Compel Discovery"
Defendant Ali Timimi did not become the subject of FISA electronic surveillance until January
of 2003. Those phone calls have been provided to the defense in the SCIF as part of the
discovery in this case. To the extent that any of those phone calls were between Timimi and
Hawali, they have been provided to the defense.



# 66

Case 1:04-cr-00385-LMB   Document 354   Filed 09/19/14   Page 2 of 6 PageID# 1412



hereby replies to defendant's renewed motion and moves for a protective order under CIPA § 4.

> (U) The Court is Authorized by Section 4 of CIPA and Rule 16 of the Federal
> Rules of Criminal Procedure to Consider this Matter on an Ex Parte, In Camera
> Basis

(U) Pursuant to Section 4 of the Classified Information Procedures Act (CIPA) and Rule

16(d)(1), the United States moves ex parte for the Court's in camera review of the national

security information involved herein[2]. Both Section 4 of CIPA and Rule 16(d)(1) expressly

authorize the United States to submit an ex parte motion seeking an in camera review of

classified information potentially discoverable in a federal criminal case. Section 4 of CIPA

provides, inter alia:

> The court, upon a sufficient showing, may authorize the United States to delete specified
> items of classified information from documents to be made available to the defendant
> through discovery under the Federal Rules of Criminal Procedure, to substitute a
> summary of the information for such classified documents, or to substitute a statement
> admitting relevant facts that the classified information would tend to prove. The court
> may permit the United States to make a request for such authorization in the form of a
> written statement to be inspected **by the court alone.** If the court enters an order granting
> relief following such an ex parte showing, the entire text of the statement of the United
> States shall be sealed and preserved in the records of the court to be made available to the
> appellate court in the event of an appeal.

---

[2] (U) The government's previous filing in this matter, captioned "Government's Ex Parte
In Camera Status Report Regarding Al-Timimi's Renewed Motion to Compel Discovery" was
also filed ex parte. Since the government discussed the specific steps it was taking to comply
with the defense's discovery request, including seeking that information from the NSA, that was
appropriately filed ex parte. That Status Report was meant to apprise the *Court alone* of the
status of the government's efforts. On February 18, 2005, the defense filed an objection to that
report being made ex parte. The government submits that the defense should not be granted
access to the prior status report, or to the instant reply and motion, based upon the authorities set
forth herein.



Page 2

Case 1:04-cr-00385-LMB   Document 384   Filed 09/19/14   Page 3 of 6 PageID# 1413

(U) 18 U.S.C. App. III § 4 (1988)(emphasis added). Section 4 requires no particular

showing before the Court may grant a request to proceed ex parte and in camera. Rule 16(d)(1)

contains a substantially identical provision:

> Upon a sufficient showing the court may at any time order that the discovery or
> inspection be denied, restricted or deferred or make such other order as is appropriate.
> Upon motion by a party, the court may permit the party to make [a showing that discovery
> should be denied], in whole or in part, in the form of a written statement to be inspected
> by the judge alone. If the court enters an order granting relief following such an ex parte
> showing, the entire text of the party's statement shall be sealed and preserved in the
> records of the court in the event of an appeal.

Fed.R.Crim.P 16(d)(1)(emphasis added). See *United States v. Nixon*, 418 U.S. 683, 714-715

(1974). In camera proceedings are appropriate to evaluate government claims regarding national

security. *United States v. Lee*, 648 F.2d 667, 668 (9th Cir. 1981).

The rationale underlying the statutory provision authorizing ex parte submissions

is manifest. As the Ninth Circuit has observed, where "the government is seeking to withhold

classified information from the defendant, an adversary hearing with defense knowledge would

defeat the purpose of the discovery rules." *United States v. Sarkissian*, 841 F.2d 959, 965 (9th

Cir. 1988). Congress enacted CIPA in 1980 to enable the government to fulfill its duty to protect

national security information, while at the same time vindicating its interest in prosecuting

violations of federal criminal law. See Sen. Rep. No. 823, reprinted in 1980 U.S. Code Cong. &

Ad. News 4294, 4296. The provisions for ex parte proceedings contained in Section 4 of CIPA

and Fed.R.Crim.P.16 were intended to be applied in circumstances where the government seeks

pre-trial rulings regarding the discoverability of national security information. Similarly, in

situations like this, where the government has apprised the Court





Accordingly,

the Court should entertain the instant ex parte. in camera submission, as authorized by CIPA and

Rule 16.

> (U) The Court Should Balance the Public Interest in Protecting National Security
> Against the Defendant's Need for Classified Information by Finding in this
> Instance that the Defense does not have a Need to Know Specific Details about
> the Information in the Possession of the National Security Agency

(U) As a result of the defendant's motion, the government conducted a search for any

information which might be responsive. Specifically, the government made a formal request to

the National Security Agency (NSA) for any information in their possession that could include

conversations between the defendant and Safar Hawali. As part of this request, the NSA was

provided with a copy of the defense's January 21, 2005 motion.



Case 1:04-cr-00385-LMB   Document 384   Filed 09/19/14   Page 5 of 6 PageID# 1415



(U) As a result of this search, the government responded to the defense as follows at

page 4 of a discovery letter dated March 16, 2005–"You have asked for records of Timimi's

conversations with Hawali. This is to reiterate that we are not aware of any such materials to

which you are entitled by the discovery rules." (March 16, 2005 Discovery Letter, Attached).

(U) Accordingly, the government moves this Court to (1) deny the Defendant's Renewed

Motion to Compel Discovery as moot (2) grant the Government's motion for a protective order



Page 5

REDACTED / CLEARED FOR PUBLIC RELEASE



under CIPA § 4, and (3) issue the attached unclassified Order denying the Defendant's Renewed

Motion to Compel Discovery as moot. This unclassified Order has been reviewed by the NSA,

and the NSA has approved of the language set forth therein. Attached to this motion is a

proposed Ex Parte Protective Order, the unclassified Order, as well as the discovery letter dated

March 16, 2005.

Respectfully submitted,

Paul J. McNulty
United States Attorney

By:

John T. Gibbs
Trial Attorney



Page 6

REDACTED / CLEARED FOR PUBLIC RELEASE