REDACTED / CLEARED FOR PUBLIC RELEASE

FILED WITH THE
COURT SECURITY OFFICER
CSO: P Hogarty
DATE: Aug 01, 2008

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | CR-04-385 |
| | § | |
| v. | § | UNDER SEAL |
| | § | |
| DR. ALI AL-TIMIMI, PH.D | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT DR. ALI AL-TIMIMI'S SEALED MOTION TO DE-CLASSIFY AND UNSEAL THE GOVERNMENT'S *EX PARTE* FILING AND THE INSTANT MOTION**

This motion is being prepared and filed in the SCIF due to an unresolved disagreement over the clearly unclassified status of material put into the government's filing of an *ex parte* document on November 7, 2007.[1] A revised *ex parte* document was filed on May 27, 2008 that excluded material from the review of cleared defense counsel. As a result of the disagreement, weeks were spent in an effort to ascertain the position of the security staff and then getting time in the SCIF for the preparation of this motion. The Defense has scheduled additional time in the SCIF to prepare a substantive motion on the content and scope of the government's search for next week.

The majority of the classified ex parte submission was facially unclassified and constitutes a gross violation of the use of *ex parte* filings by the government. Even after this objection was made to the government, however, the prosecution refused to acknowledge that two facts from its filing could not be possibly classified: the fact that the government confined its

---

[1]  Accordingly, this motion has not been reviewed by Dr. Al-Arian's local counsel due to the failure of the government to clear him for access to this material. As noted in this motion, virtually all of the classified *ex parte* filing is facially unclassified and should be accessible to Dr. Al-Timimi's local counsel, including William E. Olson, who has received a security clearance in connection with this case.

REDACTED / CLEARED FOR PUBLIC RELEASE

#264

REDACTED / CLEARED FOR PUBLIC RELEASE

search to NSA material and that fact that it appears to have limited its search to exclude any interceptions or evidence from late 2002 to late 2003 – a critical period for this case.

This controversy and delay is a prime example of how the government has created artificial barriers to the representation of Dr. Al-Timimi and has knowingly abused the privilege of *ex parte* filings in an attempt to keep both counsel and the public from seeing controversial (unclassified) disclosures. The first step in this process should be to require the government to do what it was obligated to do at the outset: to file the majority of this document as an unsealed and unclassified document with appropriate redactions or summaries.

## BACKGROUND

From the outset of this case, the defense has repeatedly objected to the use of *ex parte* communications to bar both counsel and the public from access to government filings. Even though the case was significantly delayed by the government's insistence that defense counsel be cleared for access to classified information, the government proceeded to refuse any access to these *ex parte* filings until finally ordered by the Court on May 28, 2008. (Dkt. No 262) Even then, the government only supplied a redacted version of the filing and has still not given access to other *ex parte* filings in this case. *Id.* What is clear from this revised document is that there was no reason to exclude cleared counsel from reading the filing.[2]

In the last hearing, held on May 15, 2008, the Court noted that it was disturbed by the use of an *ex parte* filing for a document that largely contained pure legal argument.[3] Upon review,

---

[2]   It also raises the question of the exclusion of counsel from reading the earlier *ex parte* filings and the unrevised version of the instant filing. The defense will address that question in an upcoming filing. Due to the logistical limitations on access to the SCIF, the defense wanted to file this first motion as soon as possible.

[3]   Indeed, it seems doubtful that most of this filing was even prepared in the SCIF, which would have had to be the case if the government had a good-faith belief that it could not be shown to opposing counsel or submitted in redacted.

REDACTED / CLEARED FOR PUBLIC RELEASE

defense counsel came to the same obvious conclusion. The majority of the filing is obviously

unclassified and should not have been sealed, let alone placed in an *ex parte* filing. Many

paragraphs are marked as unclassified. Over a dozen paragraphs of a 13-page document are

listed as unclassified. What was classified could have been redacted or, more appropriately,

presented in a summary form.

Many of the paragraphs that are marked classified are clearly wrongly claimed as

classified. For example, the second paragraph is marked "(TS//SI//OC/NF)":

> In the course of the search, the government did not locate any information that was not
> provided to Timimi pre-trial but to which he was entitled to discover.

*Ex Parte* filing at 1. Not only is this simply a legal conclusion, it happens to be wrong legally.

However, for the purposes of this motion, this paragraph is obviously not classified. Indeed, on

the next page, the government marks as unclassified the statement "Undersigned counsel did not

locate any information that the defendant is now entitled to receive in discovery." Id. at 2. The

government also classifies publicly known information from the trial. For example, on page

three, the government classifies the following statement:

> As the Court knows from the trial, a FISA wiretap recorded Timimi's telephone calls from
> ▇▇▇▇▇▇▇▇▇▇, and all of those FISA recordings were provided to Timimi's
> counsel pre-trial. Thus, any calls in the possession of the government that were not already
> provided to Timimi in discovery would have had to have occurred before▇▇▇▇ or after
> ▇▇▇▇ because otherwise Timimi would have been provided them pre-trial in
> connection with the FISA wiretap.

REDACTED / CLEARED FOR PUBLIC RELEASE

*Ex Parte* filing at 3.  It is a matter of public record that Timimi was intercepted and the parties

stipulated to the interceptions for the purpose of the trial.  The government also classified other

paragraphs that contain legal argument, thereby barring review from opposing counsel.  For

example, the government classified the following statement as TS//SI//OC/NF:

*Ex Parte* filing at 9.  What national security secret does this paragraph keep secret?  The

paragraph is intended to convince the Court to rule on a matter of law while excluding any

opposing view from defense counsel.  What follows this cited paragraph are paragraphs that

largely described public guilty pleas and trial allegations but still classified at the TS/SI level.

The document continues a pattern of classifying contested legal argument.  For example,

the government classified the following at the TS//SI//OC/NF level:

> Neither the absence of inculpatory information nor the existence of "neutral" information
> is considered to be information within the scope of *Brady. See, e.g., United States v.*
> *Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989) (the proposition that any information which
> does not incriminate a defendant necessarily exculpates him is not supported by law or
> logic).  A defendant may not seek to establish his innocence of allegations that he
> engaged in criminal conduct on certain occasions through proof that he did not engage in
> criminal conduct on other occasions.  *United States v. De Peri*, 778 F.2d 963, 983-84 (3d
> Cir. 1986) (police officers' failure to extort protection payments from all poker machine
> vendors was irrelevant to charges that they conspired to extort and extorted protection
> from some poker machine vendors.).

*Ex Parte* filing at 11.  Exactly who is the government trying to hide publicly released court

decisions from?  Presumably, Al Qaeda can gain access to LEXIS/NEXIS or, alternatively, a

first-year nutshell book to discover this same information.

The government even classifies derogatory references to Dr. Al-Timimi in comparing

him to mobsters.  The following paragraph was marked TS//SI//OC/NF:

-- 4 --

REDACTED / CLEARED FOR PUBLIC RELEASE

Timimi is positioned no differently than [mob leaders] Scarpa or Gambino.  Neither he nor they were charged with "ceaseless criminal conduct." *Id.* That he may not have engaged in criminal conduct on individual occasions in late 2003 is simply irrelevant to whether he engaged in criminal conduct in September and October 2001.

*Ex Parte* filing at 11.



Following the review of the classified filing, Professor Turley immediately objected to Mr. Kromberg that the filing was not only comprised of mainly unclassified legal argument

He informed Mr. Kromberg that, as a first response, he wanted the filing unsealed with appropriate redactions.  Moreover, he asked to confirm that the limitations that Mr. Kromberg put on the dates and scope of the search could not be classified – particularly given our prior discussion of those issues in public settings.  The reference to the dates of the search was contained, as quoted above, in a classified paragraph on page 3.

REDACTED / CLEARED FOR PUBLIC RELEASE

Mr. Kromberg insisted that he had no role or function in determining what is classified despite the fact that it was Mr. Kromberg who elected to put the entire filing under seal and to file *ex parte*.

In an e-mail on June 9, 2008, Professor Turley wrote to Mr. Kromberg:

> I wanted to confirm a couple of facts. You previously acknowledged in an unclassified setting that you did not look into non-NSA sources. I want to confirm that the portion of the classified document dealing with the scope of your search is not classified and can be discussed with my colleagues. Specifically, I am referring to the dates that you excluded from your search and the period of time that was the subject of the search. You state clearly how and why you limited your search. I would like to address those limitations in an unclassified filing. I see no reason why the dates of the search should be classified, do you?
>
> Likewise, I see no reason why we cannot discuss in an unclassified filing whether you did or did not specifically address the list of four or five conversations that we have repeatedly raised in our filings. Do you agree?

E-mail from Gordon Kromberg to Jonathan Turley, June 9, 2008. Mr. Kromberg responded by denying that he had ever stated in emails or prior filings that he had confined his search to the NSA:

> I think we have a misunderstanding; I don't think that I ever acknowledged in an unclassified setting that I did not look into non-NSA sources in the course of this discovery matter - - and if you got that impression from me, then either you misinterpreted what I said, or I misinterpreted what you asked. In any event, I don't think that it is correct to say that I did not look into non-NSA sources in the course of this discovery matter. That being said, I cannot comment in an unclassified setting on what I may have written or intended in a classified setting.

*Id.* Previously, in unsealed and unclassified settings, the parties discussed the scope of the search and specifically the government's repeated statements that it had confined its search to purely NSA material. For example, on May 15, 2008, Professor Turley wrote to Mr. Kromberg and asked about the government's filing that refers exclusively to NSA records and not the records of agencies like the FBI:

-- 6 --

> First, you reference NSA. As you know, we have repeatedly corrected the government's references to NSA alone. We are asking about material in the possession of other agencies like the FBI. Did you review material outside of the NSA?

E-mail from Jonathan Turley to Gordon Kromberg, May 15, 2008. Mr. Kromberg responded to this question with a single definitive line: "I reviewed material of the NSA." E-mail from Gordon Kromberg to Jonathan, May 15, 2008. Likewise, in prior unclassified filings, Mr. Kromberg only referred to searches of the NSA despite repeated objections from the defense that any search had to include other agencies. (*See* Dkt. 248)

After failing to confirm that these facts could not be classified from either Mr. Kromberg or the court security officer,[4] lead defense counsel arranged to get access to a SCIF to prepare this filing. Logistical problems, however, delayed this process.

## ARGUMENT

The *ex parte* filing is replete with examples of the misuse of both classification authority and *ex parte* filings. Barring both the public and defense counsel runs counter to an array of constitutional guarantees. *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring) ("fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights."), *United States v. Harris*, 707 F.2d 653, 662 (2d Cir. 1983) ("our legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, ex parte hearings 'are manifestly conceptually incompatible with our system of criminal jurisprudence.'") (quoting *United States v. Arroyo-Angulo*, 580 F.2d 1137, 1141 (2d Cir. 1978)); *see also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 551 (1950)

---

[4]    The court security officer informed lead defense counsel that she could not render an opinion and that, if there was any question, the document should be completed in the SCIF and unsealed after a review by the Court.

REDACTED - CLEARED FOR PUBLIC RELEASE

(Jackson, J., dissenting) ("The plea that evidence of guilt must be secret is abhorrent to free men."). Such use of secret evidence or submissions undermines a defendant's due process and Sixth Amendment rights. *See United States v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004).

The instant case involves a flagrant abuse of the privilege of *ex parte* submissions. What is most chilling is that the prosecutors filed this document after months of objections over their refusing to give opposing counsel access to material and the abuse of such filings. The government then proceeded to claim that information previously discussing publicly might be classified – forcing the use of the burdensome process of a classified filing for this motion.

The government's abuse of this system is itself a matter of public importance. Indeed, Congress is clearly investigating such abuses of the state secrets privilege and *ex parte* filings. Barry Siegel, *National Security Push Back*, L.A. Times, June 29, 2008 (discussing congressional legislation to deal with abuses as well as recent cases of courts rejecting overblown claims of national security). The use of *ex parte* filings to hide the violation of discovery rules is a raw example of how national security can be misused for tactical and political purposes. The *ex parte* filing should be released with appropriate redactions. This motion should also be unsealed with no redactions. Moreover, the content of this filing shows that lead defense counsel (who holds the same clearance as Mr. Kromberg) could have been shown his documents months ago. It is a violation of core ethical and professional obligations for the prosecution to seek to exclude opposing counsel while making this type of legal argument to the Court. When Mr. Kromberg was fighting any effort of lead defense counsel to see this document, he was aware that it was

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

little more than classified argument, including even classified comparisons of Dr. Al-Timimi to mobsters and classified case precedent.

Lead defense counsel is preparing a substantive filing ██████████████████ ██████████████ and the failure of the government to conduct a full search in this case. It is vital, however, that the government not be able to exclude material from the court file that is not classified. In the very least, lead defense counsel should be able to discuss with both his client and co-counsel that the government confined the search to NSA material and limited the period of the search.

## CONCLUSION

For the foregoing reasons, Dr. Al-Timimi respectfully requests the Court order the government to produce an unclassified redacted copy of the *ex parte* to be placed in the public record. Furthermore, the instant motion should be unsealed and placed in the public record. Finally, the Court is asked to order that the government to avoid this type of abuse of the privilege of an *ex parte* filing in the future by confining *ex parte* material to clearly classified information that cannot be produced in a redacted filing. This *ex parte* filing was a clear example of the misuse of this privilege to avoid the adversarial process and to deny the defendant the opportunity to be heard on a vital issue of his case.

Respectfully submitted,

Ali Al-Timimi, Ph.D

By Counsel

By: _____

Jonathan Turley (*pro hac vice* lead counsel)
2000 H St., N.W.
Washington, D.C. 20052
(202) 994-7001 (phone)

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

(202) 994-9811 (facsimile)

William E. Olson (VSB #47251)
Katherine J. Seikaly (VSB #71438)
Bryan Cave LLP
700 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005-3960
(202) 508-6000 (phone)
(202) 508-6200 (facsimile)

Dated: August 1, 2008

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

This document was prepared in a national security SCIF and delivered to court security staff under the governing rules for classified filings. I hereby certify that on August 1, 2008, a true and correct copy of the foregoing was served by courier upon:

Mr. Gordon Kromberg, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, Virginia 22314-5794

-- 11 --

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I certify that on this 27th day of March, 2015, I will file the foregoing

document on the CM/ECF system, which will then send an electronic notification to:

> Mr. Gordon Kromberg, Esq.
> United States Attorney's Office
> 2100 Jamieson Ave.
> Alexandria, Virginia 22314
> (703) 299-3700
> gordon.kromberg@usdoj.gov
> *Attorney for the United States*

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy

copy will be delivered to Chambers within one business day of this electronic filing.

_____/s/_____
Thomas Michael Huff, Virginia Bar No. 73587
Thomas M. Huff, Attorney-at-Law
P.O. Box 2248
Leesburg, VA 20177
Telephone: 703.665.3756
Facsimile: 571.354.8985
thuff@law.gwu.edu