

**THE GEORGE WASHINGTON UNIVERSITY LAW SCHOOL**
WASHINGTON DC

JONATHAN TURLEY

J.B. AND MAURICE C. SHAPIRO PROFESSOR
OF PUBLIC INTEREST LAW

August 21, 2015

Warden John Oliver
USP Florence ADMAX
United States Penitentiary
P.O. Box 8500
Florence, Colorado 81226

Re:   Attorney Client Communications – *United States v. Al-Timimi*

Dear Mr. Oliver:

I am writing as counsel to an inmate at your facility, Dr. Ali Al-Timimi, Register Number 48054-083. Since his arrival at your facility, my ability to communicate with Dr. Al-Timimi has been extremely limited, despite a series of emergency filings before the United States Court of Appeals for the Fourth Circuit and now, on remand, before the United States District Court for the Eastern District of Virginia. This situation is unprecedented in my career as a criminal defense attorney and is now impeding further proceedings in the case.

While Dr. Al-Timimi has been housed in various state and federal prisons over the last ten years, your facility is the only one that has practically prevented attorney-client communications. We have literally called his counselor, Mr. Haygood, on a daily basis. Weeks have passed without a response and we have only had a couple of telephone conferences. We are often unable to even leave a message, and staff has declined to take a message for Mr. Haygood. Simple suggestions to get beyond this barrier have been rebuffed. My request that Mr. Haygood allow me to e-mail him (as we have had prior counselors) was declined. My request for a set weekly call during these proceedings was also refused. I was told that I have to reach Mr. Haygood by telephone, despite the near impossibility of doing so. As a result, we have been prevented from discussing extremely sensitive and urgent matters with Dr. Al-Timimi. This has resulted in the inability to make important filings with the court on remand. This is not a personal criticism of Mr. Haygood who has always been polite when we have spoken. But the inability to reach our client is having a serious and detrimental impact on his effort to seek judicial review of his case.

I am writing to ask for your *immediate intervention* in establishing a reliable system by which we can schedule attorney-client interviews. Otherwise, I will have to seek the intervention of the court to guarantee either his transfer or court-ordered communication with counsel. I truly fail to see why such measures should be necessary, given his communications with counsel are constitutionally guaranteed.

I would appreciate your immediate attention to this matter.

Sincerely,

Jonathan Turley

THE GEORGE WASHINGTON UNIVERSITY LAW SCHOOL
2000 H STREET, NW • WASHINGTON, DC 20052 • 202-994-7001 • 202-994-9811