

THE GEORGE
WASHINGTON
UNIVERSITY
LAW SCHOOL
WASHINGTON DC

JONATHAN TURLEY

J.B. AND MAURICE C. SHAPIRO PROFESSOR
OF PUBLIC INTEREST LAW

November 16, 2015

Warden John Oliver
USP Florence ADMAX
United States Penitentiary
P.O. Box 8500
Florence, Colorado 81226

Re:   Attorney Client Communications – *United States v. Al-Timimi*

Dear Mr. Oliver:

I am writing as counsel to an inmate at your facility, Dr. Ali Al-Timimi, Register Number 48054-083. Since his arrival at your facility, my ability to communicate with Dr. Al-Timimi has been extremely limited, despite a series of emergency filings before the United States Court of Appeals for the Fourth Circuit and now, on remand, before the United States District Court for the Eastern District of Virginia. Last August, I wrote to raise this virtual termination of attorney-client communications. While we were able to have a couple communications, the situation has returned to a virtual severance of all communications. I have not been able to speak with my client for weeks, and our efforts to reach anyone at the facility have been unsuccessful.

I have had to secure an extension to file an important filing from the District Court due to the inability to speak with our client on a major filing. I cannot ethically file without speaking with him, and we have raised the on-going barrier to attorney-client communications at USP Florence with the Court. I have never experienced such persistent denials of access at any other facility in my thirty-year career. My client has a constitutional right to confer with counsel, and there is no reason why such communications should be made so difficult –indeed impossible – at your facility. We have tried every possible accommodation for the prison, including seeking to use e-mails to arrange a call (as with other facilities). Those efforts have been rebuffed. I simply do not understand why the facility would force my seeking the transfer of my client or an injunctive order to maintain such a basic right of access.

I am writing to ask for your *immediate intervention* in establishing a reliable system by which we can schedule attorney-client interviews. Otherwise, I will have to seek the intervention of the Court to guarantee either his transfer, or court-ordered communication with counsel. I truly fail to see why such measures should be necessary, given his communications with counsel are constitutionally guaranteed.

I would appreciate your immediate attention to this matter.

Sincerely,

Jonathan Turley

THE GEORGE WASHINGTON UNIVERSITY LAW SCHOOL
2000 H STREET, NW • WASHINGTON, DC 20052 • 202-994-7001 • 202-994-9811